CARR, Appellant. v. WAKONDA INDEPENDENT CONSOLIDATED SCHOOL DISTRICT NUMBER 1, of CLAY COUNTY, SOUTH DAKOTA, et al., Respondents.

(186 N. W. 880.)

(File No. 5048.   Opinion filed March 1, 1922.   Rehearing denied April 10, 1922.)

1.  Elections—Abandonment of Consolidated School District—"Elector," Whether Qualified Regardless of Offer To, Or Vote—Constitution, Statute.

Under Const., Art. 7, Sec. 1, defining qualified elector as one who (after specifying other qualifications) "offers his vote thirty days next preceding any election," and providing that he "shall be a qualified elector at such election," and Sec. 7213, Code 1919, declaring that those persons possessing qualifications prescribed in said constitutional provision shall be entitled to vote at any election, held, that a qualified elector, and qualified to vote at an election pursuant to Chap. 202, Laws 1921, relating to elections for abandonment of consolidated school districts, is a person entitled to vote regardless of whether or not he or she voted thereat; that Sec. 7213 defines who are electors.

2.  School Districts—Injunction—Enjoining Consolidated School District Bond Issue—Complaint Alleging Total Pro and Con Vote as "Majority of All Electors," Answer Alleging Greater Total Qualified Electors—Refusing Temporary Injunction, Non-abuse of Discretion.

In a suit to enjoin defendant consolidated school district from issuing bonds; involving validity of an election under Chap. 202, Laws 1921, for abandonment of said district; complaint alleging there were 495 votes cast of which 262 were for and 233 against abandonment, and that (as required by said statute) "a majority of all the electors" of the district voted pro, that notwithstanding, such district officers are proceeding to accomplish a bond issue, etc.; the answer alleging that there were 580 legal electors in the district; held, construing Const., Art. 7, Sec. 1, with Sec. 7213, Code 1919, as meaning that one is entitled to vote whether or not he has voted or offered to vote—that trial court did not abuse discretion in denying a temporary injunction.

Appeal from Circuit Court, Clay County. Hon. ROBERT B. TRIPP, Judge.

Action by John M. Carr, a taxpayer, etc., against Wakonda Independent Consolidated School District Number 1, of Clay County, South Dakota, W. O. Knight and others as the Board of Education, F. M. Thrane and Mary Jacobson, as Treasurer and Clerk, respectively, of said School District, and Nora Silkenson as County Superintendent of Clay County, South Dakota, to enjoin defendant School District from issuing bonds. From an order denying an injunction pendente lite, plaintiff appeals. Affirmed.

*Kirby, Kirby & Kirby,* for Appellant.

*W. O. Knight,* and *French, Orvis & French,* for Respondent.

(2) To point two of the opinion, Appellant cited: State ex rel, Clarke v. Stakke, 22 S. D. 228; Treat v. De Jean, 22 S. D. 505.

Respondent cited: Sec. 3, Ch. 202, Laws 1921.

GATES, P. J. This is an injunction action to prevent the defendant, Wakonda independent consolidated school district, from issuing bonds. Chapter 202, Laws 1921, provides for the abandonment of consolidated school districts. If, at the election called pursuant thereto, a majority of all of the electors of the district vote in favor of abandonment, then the consolidated district shall be abandoned. The complaint alleges that, at an election held on the question of abandonment pursuant to said chapter, there were 495 votes cast, of which 262 were for abandonment and 233 against abandonment, and that a majority of all the electors of the district did thereby vote in favor of the abandonment, and that, notwithstanding such vote, the officers of the district have given notice for bids for an issue of bonds, and intend and threaten to sell such bonds, etc.

The answer of defendants alleges that, at the time of said election, there were 580 legal electors in said district. Upon the complaint, answer, and an affidavit of plaintiff, the plaintiff moved for an injunction pendente lite. This was denied. Therefrom plaintiff appeals.

[1] Appellant contends that, by reason of the clause, "where such person offers his vote," found in Const. art. 7, § 1, an elector is a person who offers his vote, and therefore there could

not be 580 electors in a district which cast only 495 votes, and that it must be conclusively presumed that there were only 495 electors in the district.

We had always understood that a qualified elector was a person who was entitled to vote, regardless of the fact of whether or not he (or she) voted. To be sure, under a technical interpretation, article 7, § 1, of the Constitution only purports to define the qualifications of those electors who offer their votes at an election, but section 7213, Rev. Code 1919, declares that those persons who possess the qualifications prescribed in the above section of the Constitution shall be entitled to vote at any election. Said section 7213 therefore defines who are electors.

[2] The situation which confronted the trial court upon the application for temporary injunction was this: On the part of defendant it was alleged that there were 580 electors in the district; on the part of the plaintiff it was alleged that there were only 495 electors, because only 495 persons voted at the election. Upon this showing we cannot say that the trial court abused its discretion in refusing the injunction.

The order appealed from is affirmed.